## John Garling *v.* The State.

1. INDICTMENT.—See recitals held sufficient to state the court, the term of court, and the other preliminary allegations requisite to indictments under the Code of Criminal Procedure.

2. SAME—THEFT.—C. left his hack temporarily in the inclosure of M., from which it was stolen. *Held,* that the possession of M. was the possession of C., and the indictment correctly charged that the taking was from the possession of C.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The defendant's exceptions alleged that the indictment failed to show when the district court of Bexar county was held, or that there was any term of that court in session at the time the indictment was presented, or that the district court of Bexar county was held in and for Bexar county, or that the property was taken with the intent *then and there* to deprive the owner of its value, or that any legal offense had been committed.

The opinion of this court sets out so much of the indictment as is involved in the rulings.

The evidence showed that Corder purchased the hack and left it in Moke's yard. No witness testified when or how it was taken from the yard, but both Corder and Moke swore that it was taken without their authority. The appellant, however, was found using the hack, representing himself as the owner, and stating that he had owned it some time. He sold it to B. Coopwood, Esq.

No countervailing evidence was offered by the defense.

*Portis & Robinson*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. The defendant, John Garling, was indicted in the district court of Bexar county, charged with the theft of one hack of the value of $40, the property of S. S. Corder. He was convicted by the jury, and his punishment assessed at two years' confinement in the penitentiary.

The counsel for the defendant filed quite a number of exceptions to the indictment, and also motions for new trial and in arrest of judgment, all of which were properly overruled. The district judge delivered to the jury a written charge, in which he distinctly set forth the law applicable to the facts.

The indictment had all the legal requisites required by the Code of Criminal Procedure. It commenced : " In the name and by the authority of the state of Texas. The grand jurors of Bexar county, state of Texas, duly elected, tried, impaneled, sworn, and charged, at a term of the district court of Bexar county, beginning on the first Monday of May, A. D. eighteen hundred and seventy-six, to inquire for the body of said county of Bexar, upon their oaths, in said district court of Bexar county, present," etc. The bill was returned into court by the grand jury, and filed on May 11, 1876.

The court did not commit any error in refusing to give the instructions asked by the defendant's counsel. The possession of Moke was the possession of Corder. Most of the errors assigned were so fully discussed and decided, during the present term of this court, in the case of *Alfred Harris* v. *The State*, that we deem it necessary only to refer to the case and the authorities there cited.

We have carefully examined the entire record, and the

brief of counsel, and find no error committed on the trial of the case at bar. The jury are fully warranted by the evidence in finding their verdict.

The judgment of the district court is affirmed.

*Judgment affirmed.*